THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RAYMOND SHAY,<br><br>                 Plaintiff,<br><br>v.<br><br>MATTHEW BARRAZA et al.,<br><br>                 Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:24-cv-00011-DBB<br><br>District Judge David Barlow |

On July 15, 2024, the Court ordered Plaintiff to within thirty days show cause why this prisoner civil-rights complaint, 42 U.S.C.S. § 1983 (2024), should not be dismissed for failure to state a claim upon which relief may be granted. (ECF Nos. 1, 5.) Screening the Complaint under 28 U.S.C.S. § 1915A (2024), the Court set forth an analysis explaining the invalidity of Plaintiff's claims that Defendants, as his public defenders in his state criminal case, provided him ineffective assistance of counsel. (ECF No. 5.) More specifically, the Court concluded as follows: (1) "dismissal is appropriate because Defendants are not state actors for purposes of § 1983"; and, (2) "the *Heck* doctrine is another basis upon which to dismiss the Complaint." (*Id.*)

Plaintiff's response does not address these bases for dismissal, but instead generally entreats the Court to understand that he has acted in good faith in filing his complaint, believes he deserves relief, and is unfairly missing out on everyday life with his family. (ECF No. 6.) He states, "Release me under United States 'Constitution civil rights violations.'" (*Id.*) He also includes copies of several documents addressed to the Utah state courts and his communications with the Office of Professional Conduct. (*Id.*; ECF No. 7.) These arguments and documents are

irrelevant to the reality that Defendants enjoy immunity and are otherwise not liable for money damages under *Heck*. (ECF No. 5.) Meanwhile, a civil-rights complaint is not the proper vehicle for a release request, which should instead be raised, if at all, in a habeas-corpus petition. *Stewart v. Stitt*, No. 23-6212, 2024 U.S. App. LEXIS 18006, at *2 (10th Cir. July 23, 2024) (unpublished) (stating Plaintiff may not "'use a § 1983 action to challenge the fact or duration of his confinement'" but rather "'must seek federal habeas corpus relief (or appropriate state relief) instead'" (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (cleaned up)).

The analysis in the Order to Show Cause stands and is incorporated herein. (ECF No. 5.) Plaintiff has not stated and cannot state a § 1983 clam against the public defenders who represented him. It would be futile to permit leave to amend.

IT IS ORDERED that this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B)(ii) (2024). Any dismissal on the basis of *Heck* is without prejudice. (*See* ECF No. 5.)

DATED this 1st day of October, 2024.

BY THE COURT:

_____
DAVID BARLOW
United States District Judge